Edward A. DENTY, Plaintiff,

v.

CSX TRANSPORTATION,
INC., Defendant.

No. 5:95–CV–967–BO(3).

United States District Court,
E.D. North Carolina,
Western Division.

Aug. 30, 1996.

Blake G. Arata, Jr., Davis, Saunders, Arata & Rome, Metairie, LA, H. Forest Horne, Jr., Manning, Fulton & Skinner, Raleigh, NC, for plaintiff.

William W. Stewart, Jr., Millberg & Gordon, P.L.L.C., Raleigh, NC, for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned on plaintiff's motion to compel discovery. Plaintiff makes a variety of requests for defendant to provide more complete responses to certain written discovery. Defendant opposes only plaintiff's request to identify and or produce video surveillance material. Thus, the only issue for this court is whether the video surveillance material in question is discoverable by this plaintiff. For the reasons stated below, plaintiff's MOTION is DENIED.

### Statement of the Case

Plaintiff, alleging he was injured when he stepped into a hole while in the scope of his employment with CSX as a trainman, commenced this action pursuant to the Federal Employers' Liability Act.

### Discussion

Defendant proposes two theories in opposition to plaintiff's motion to compel production of video surveillance materials. First, defendant contends Federal Rule of

Civil Procedure 26(a)(3) precludes discovery of surveillance materials because they will be used solely for impeachment purposes. Second, defendant contends surveillance materials are not discoverable because they are work product materials prepared in anticipation of litigation and plaintiff has neither shown a substantial need for the materials nor an inability to obtain a substantial equivalent. The Court denies the motion based on the first argument and does not reach the second.

 Federal Rule of Civil Procedure 26(a)(3) clearly excludes from pretrial discovery material which will be used "solely for impeachment purposes." *Id.* Defendant has stipulated that if it offers surveillance evidence in this case it will be offered solely for impeachment purposes. The obvious rationale for excluding impeachment materials from discovery is that their disclosure would substantially impair their impeachment value.

 Federal Rule of Civil Procedure 26(b)(1) requires discoverable material to be relevant to the subject matter involved. Impeachment materials are only relevant to the extent plaintiff puts forth substantive evidence susceptible to impeachment. At this time any surveillance material in not relevant.

 If during the course of the trial defendant seeks to use surveillance material to impeach plaintiff's evidence, defendant will be required to lay a proper foundation. Plaintiff will thereby be afforded the opportunity to test authenticity and accuracy.

Plaintiff's motion to compel surveillance material is DENIED.